IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SAMUEL ROBINSON                                                                                    PLAINTIFF

v.                                    Civil No. 09-2051

CRAWFORD COUNTY JAIL                                                                       DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Samuel Robinson, filed this civil rights action pursuant to the provisions of 42 U.S.C. § 1983 on May 1, 2009. He proceeds *pro se* and *in forma pauperis*. When he filed the case, Robinson was incarcerated in the Crawford County Detention Center.

At the time Robinson filed the action, he was informed that he had an obligation under the rules of this court to keep the court informed of any changes in his address. Rule 5.5 of the Local Rules of the Eastern and Western Districts of Arkansas. On May 6, 2009, all mail sent to Robinson at the Crawford County Detention Center was returned as undeliverable. Robinson failed to provide the court with his new address.

A court staff member was unable to obtain a home address for Robinson from the detention center. Robinson was listed as homeless on intake materials. Robinson also listed on his complaint "131889 ADC." This appeared to be a number with the Arkansas Department of Correction (ADC). However, a search of the website maintained by the ADC came back with no inmate records matching this number.

Robinson has not contacted the court since he filed the complaint on May 1st. The court has not had a valid address on Robinson since at least May 6th when all mail was returned as undeliverable. I therefore recommend that this action be dismissed based on Robinson's failure to

-1-

AO72A
(Rev. 8/82)

prosecute this action and his failure to keep the court informed of his current address. Fed. R. Civ. P. 41(b); Rule 5.5 of the Local Rules of the Eastern and Western Districts of Arkansas.

**Robinson has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Robinson is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 10th day of August 2009.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE